UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARUN ADAWAY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01660-SPM |
| ANNE PRECYTHE et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff Sharun Adaway, Jr.'s complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 1). For the reasons set forth below, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

**Standard Under 28 U.S.C. § 1915**

Because the Court has granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF Nos. 9, 10), his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a

claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief as a matter of law, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

At all times relevant to the complaint, Plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. (ECF No. 1). He brings this suit under 42 U.S.C. § 1983 against the Missouri Department of Corrections ("Department")[1], Centurion Health[2], and several employees of each entity. *Id*. Plaintiff alleges that on May 30, 2023, the door to his housing unit closed on his left hand, resulting in a broken bone. *Id*. at 3-4. He further contends that Defendants failed to provide adequate medical care in response to the injury. *Id*. at 4-5. He seeks compensatory and punitive damages. *Id*. at 5.

---

[1] Although Plaintiff does not list the Department as a defendant in the caption of his complaint, he states in the "Relief" section: "I want to sue Missouri Department of Corrections for denying access to care while in their custody." (ECF No. 1 at 5).
[2] Identified as "Centerion" in Plaintiff's complaint.

2

**Discussion**

Plaintiff's claims arise under the Eighth Amendment and sound in deliberate indifference. Specifically, he alleges that Defendants were aware of his injury but consciously disregarded his need for medical treatment.[3] Before addressing the sufficiency of these allegations, however, the Court must first determine whether Plaintiff seeks to hold Defendants liable in their official capacities, individual capacities, or both.

**I. Capacity**

Plaintiff expressly sues Defendants Anne Precythe and David Wayne in their individual capacities only. (ECF No. 1 at 3-4). The complaint is silent as to capacity for the remaining individual defendants. Where a complaint does not specify capacity for a defendant, the Court must examine the course of proceedings to determine whether the action is brought against that defendant in an individual or official capacity. *S.A.A. v. Geisler*, No. 23-3119, 2025 WL 426999, at *2-4 (8th Cir. Feb. 7, 2025). In doing so, the Court may consider various factors, including whether the plaintiff seeks punitive damages and whether the defendant has raised a qualified immunity defense. *Id*. No single factor is dispositive. *Id*. The fundamental question is whether the defendant is on notice that she is being sued in her individual capacity and that her personal liability is at stake. *Id*.

Here, Plaintiff seeks $75,000 in punitive damages against each defendant. (ECF No. 1 at 5). And although he does not specify capacity for each defendant, when he does, he explicitly invokes individual capacity. Considering these circumstances—along with the fact that he

---

[3] Plaintiff also invokes the Fourteenth Amendment in the "Relief" portion of his complaint. (ECF No. 1 at 5). Even liberally construed, Plaintiff cannot be understood to assert a claim under the Fourteenth Amendment. Nowhere in the complaint does he identify any due process or equal protection concerns.

3

separately names the Department as a defendant—the Court concludes that the complaint asserts claims against the individual defendants in their individual capacities only.

## II. Deliberate Indifference and Individual Liability

To establish individual liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). That means he must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *Id*. Conclusory allegations based on a defendant's supervisory role are insufficient. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Under the Eighth Amendment, the government has an obligation to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

A claim of deliberate indifference "requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Under the subjective prong, the plaintiff must show that the prison official actually knew

4

of but disregarded that serious medical need. *Jackson*, 756 F.3d at 1065. To satisfy the subjective prong, the plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). This requires "a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). A showing of deliberate indifference is greater than gross negligence and requires more than a mere disagreement with treatment decisions. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

### A. Defendant Precythe

Defendant Anne Precythe is the former Director of the Department. Plaintiff does not allege that Precythe was directly involved in the alleged mistreatment of his medical condition. He merely states that Precythe "is the current Director over Dept. of Corrections" and that she "sent an informal letter to offenders sharing that she will be leaving [the Department] . . . before the year is over." (ECF No. 1-1 at 2). Her supervisory role alone is not enough. *See Keeper*, 130 F.3d at 1314.The Court cannot reasonably infer from these allegations that Precythe is responsible for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court will dismiss Plaintiff's claims against Defendant Precythe.

### B. Defendants Wayne and Thomas

Plaintiff alleges that Nurse Practitioner Andrea Thomas instructed Nurse David Wayne to put a splint on Plaintiff's arm after completing an x-ray. (ECF No. 1-1 at 1). He claims that Defendant Wayne ignored Defendant Thomas's instructions and instead "hurt [Plaintiff's] hand even worse by folding HSR forms over [his] hand and wrapping a[n] ace wrap atop of it." *Id*.

Even liberally construed, Plaintiff's allegations do not support a reasonable inference that Thomas disregarded Plaintiff's serious medical need. On the contrary, the allegations reflect that

5

Plaintiff received an x-ray, a splint, pain medication, and a referral to a specialist. (ECF No. 1-1 at 1; ECF Nos. 1-2).[4] Indeed, Plaintiff explicitly states that Thomas instructed another staff member, Wayne, to apply the splint. *Id*. Such allegations do not reflect conduct that is "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Redmond*, 999 F.3d at 1120.

Similarly, Plaintiff's allegations do not support a claim of deliberate indifference against Wayne. At most, the allegations suggest that Wayne may have acted negligently—conduct that does not meet the constitutional threshold of deliberate indifference. *See Kulkay*, 847 F.3d at 643 ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent."). Moreover, Plaintiff's belief that the wrap was inadequate is insufficient to establish a constitutional violation. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (finding that the plaintiff's belief that defendants' conduct was completely inadequate amounted only to a "mere disagreement with treatment decisions [that] does not rise to the level of a constitutional violation.") (cleaned up). For these reasons, the Court will dismiss Plaintiff's claims against Defendants Wayne and Thomas.

### C.  Defendants Spain, Brown, Ellison, and Deaton

Plaintiff alleges that Correctional Officers Spain, Brown, Ellison, and Deaton[5] "each denied medical attention and told me to go lockdown on multiple occasions, and during the process fired me from my job because I kept bugging them about my pain." (ECF No. 1-1 at 1). Nevertheless, as previously discussed, Plaintiff acknowledges that he ultimately received an x-ray,

---

[4] The Court may consider Plaintiff's attachments on initial review. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").
[5] Plaintiff does not provide first names for these defendants.

6

a splint, pain medication, and a referral to an orthopedist. In other words, he does not allege that he was denied medical care entirely—only that care was delayed.

In the Eighth Circuit, delay in treatment, standing alone, does not constitute deliberate indifference unless the plaintiff alleges that the delay resulted in detrimental effects. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff does not allege that his condition worsened as a result of the delay or that these particular defendants had any control over his medical care.

Additionally, even liberally construed, Plaintiff's allegation that he was "fired" from his prison job for "bugging" officers about his pain fails to state a claim of retaliation under the First Amendment. To prevail on such a claim, a prisoner must allege that (1) he engaged in protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing the protected activity, and (3) the adverse action was motivated at least in part by the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). While informal complaints about medical treatment may constitute protected activity, Plaintiff offers no factual support to suggest a causal connection between his complaints and the termination of his prison job. Accordingly, the Court will dismiss Plaintiff's claims against Defendants Spain, Brown, Ellison, and Deaton.

### D. Defendants Cook, Jennings, and Eaton

Plaintiff alleges that he informed Caseworkers Sarah Cook, Edmund Jennings, and Theodore Eaton of his pain and of his prior efforts to obtain treatment. He does not assert that these individuals personally denied or delayed his medical treatment. At best, Plaintiff establishes that Defendants Cook, Jennings, and Eaton were aware of his condition, not that they hindered his treatment with a highly culpable state of mind. *See Kulkay*, 847 F.3d at 643. While the Court must liberally construe Plaintiff's complaint, it will not supply additional facts or construct legal theories

on plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Accordingly, the Court will dismiss Plaintiff's claims against Cook, Jennings, and Eaton.

### E. The Department

Plaintiff's claims against the Department also fail. Section 1983 provides for an action against a "person" who violates another's civil rights under color of state law. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). Neither a state nor its officials acting in their official capacity are "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, absent a waiver, the Eleventh Amendment bars suits against a state or its agencies. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Consequently, the Court will dismiss Plaintiff's claims against the Department.[6]

### F. Centurion

Plaintiff sues Centurion "for unprofessionalism of nurses etc. and for inadequate pain relief medication for sustained injury." (ECF No. 1 at 5). To support a claim against a corporation, a plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993). "A corporation acting under color of state law cannot be held liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).

Here, Plaintiff relies entirely on the alleged misconduct of individual actors. He does not identify any policy, custom, or training deficiency attributable to Centurion. While a plaintiff need not explicitly plead the existence of an unconstitutional policy or custom, he must allege facts that

---

[6] For these same reasons, even if Plaintiff had sued the individual defendants in their official capacities, those claims would be subject to dismissal.

plausibly support their existence. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Because Plaintiff has not done so, the Court will dismiss his claim against Centurion.

## Conclusion

For the foregoing reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2). Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 9th day of April 2025.

                                            HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE